GORTON–PEW FISHERIES CO. et al. v. MALLEY.

No. 3006.

Circuit Court of Appeals, First Circuit. July 13, 1935.

Lawrence E. Green, of Boston, Mass., for appellants.

Frank J. Wideman, Asst. Atty. Gen., and J. Louis Monarch and Arnold Raum, Sp. Assts. to Atty. Gen.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

In this case the defendant has filed a petition for rehearing on the ground that the court erred in taking from income for the fiscal year ending March 31, 1918, the amortization deduction attributable to the whole calendar year 1918 instead of only that part attributable to the first three months of 1918. We believe we did err in this respect. This error arose from an endeavor to wipe out the discrimination between the taxes assessable against a fiscal year taxpayer and those against a calendar year taxpayer with the same income and entitled to the same deduction, believing that Congress never intended such discrimination.

The discrepancy is due to the way the Commissioner dealt with the $134,398.80. In dealing with the normal income tax only he took, as we understand it, the total income for the fiscal year ending March 31, 1918, deducted therefrom the agreed amount, got 12 per cent. of the remainder, which he multiplied by 3/12 to arrive at the tax for the first three months of 1918, or ($882,284.88 — $134,398.80) $\times$ .12 $\times$ 3/12 = $22,436.58. This is the same as taking 3/12 of the total income, deducting 3/12 of the amortization agreed upon and getting 12 per cent. of that result, as follows:

[$220,571.22 (3/12 of $882,284.88) — $33,599.72 (3/12 of $134,398.80)] $\times$ .12 = $22,436.98.

This shows that the plaintiffs received the benefit of but $\frac{1}{4}$ of the agreed amortization deduction. But by section 234 (a) (8) of the Revenue Act of 1918 (40 Stat. 1078), they were entitled to have the whole $134,398.80 deducted and to be taxed only on the remainder.

This could be accomplished by deducting the other $\frac{3}{4}$ of $134,398.80 from the $882,284.88 in computing the tax for the nine months in 1917; but both parties agree that this may not be done. The only other method is to take $\frac{1}{4}$ of the total income or $220,571.22 as the income from which to deduct the $134,398.80, leaving $86,172.42 as the net income on which to compute the tax attributable to the period from January 1 to March 31, 1918. These are the amounts the plaintiffs start with in their computation, and using them as above indicated, but eliminating their other figures and theories, which are misleading, it brings about the result contended for by them, which we now think is the correct one.

Unless the amortization deduction provided in section 234 (a) (8) may be considered as calling for special treatment, it would seem that the requirements of that section are inconsistent with those of section 205 (a), 40 Stat. 1061, as interpreted by the internal revenue officials and several court decisions. But as section 234 (a) (8) calls for the deduction of the whole $134,398.80 instead of $\frac{1}{4}$ thereof, and as Congress could not have intended that the taxpayer operating on a fiscal year basis should, on account of this deduction, pay more than one operating on a calendar year basis, we think it should prevail over the other section, thus putting the plaintiffs on an equality with all other taxpayers entitled to amortization deductions.

Our order is:

The judgment of the District Court is vacated and the case is remanded to that court for further proceedings not inconsistent with the modifications above stated.

Rehearing denied.